```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WEI CHEN, a/k/a LIU WEI,

                      Petitioner,

    -v-

JANET NAPOLITANO, Secretary of the Department
of Homeland Security, *et al.*,

                      Respondents.

------------------------------------------------------------------------X

12 Civ. 4620 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

    Petitioner Wei Chen ("Petitioner") filed this Petition ("Petition" or "Pet.") for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2241 on June 13, 2012. (Docket No. 1). On June 21, 2012, this Court issued an Order to Show Cause why the case should not be transferred to the United States Court of Appeals for the Second Circuit. (Docket No. 2). On July 9, 2012, Petitioner filed his Response to the Order to Show Cause ("Response"). (Docket No. 8). On July 27, 2012, Respondents filed their Memorandum of Law in Opposition to the Petition ("Resp't's Mem. of Law") (Docket No. 9), and their Return to Habeas Petition ("Return"). (Supplement to Docket No. 10). On August 10, 2012, Petitioner filed his Reply Memorandum in Support of Habeas ("Reply"). (Docket No. 13).

    For the reasons discussed below, the Petition is DENIED in part and the parties are given leave to submit supplemental briefs with respect to the timeliness of the Petition and whether it should be transferred to the United States Court of Appeals for the Second Circuit.

## BACKGROUND

Petitioner, a Chinese citizen, has illegally entered or attempted to enter the United States on at least three occasions. He was first stopped attempting to enter the United States without valid documents in 1994. (Return ¶ 2). At that time, Chen applied for asylum, but was found not credible by an Immigration Judge at an evidentiary hearing, and was removed from the United States to China on July 2, 1996. (*Id.* ¶ 3). On October 30, 1998, Petitioner attempted to enter the United States with a student visa and was stopped at John F. Kennedy International Airport in New York. (*Id.* ¶ 4). Although disputed by Respondents, Petitioner asserts that, during questioning by immigration authorities, he made clear statements that he feared persecution upon his return to China, which were ignored in violation of relevant regulations. (*Compare* Pet. at 16-18, *with* Resp't's Mem. of Law at 2-3). In any event, given his earlier removal from the United States in 1996, he was issued an expedited order of removal (the "1998 Order") and was removed from the United States the following day. (Return ¶ 4).

Finally, Petitioner returned to the United States on December 10, 2001, using a false visa and passport. (*Id.* ¶ 5). Approximately eight years later, he married a United States citizen and applied for adjustment of his immigration status. (*Id.* ¶ 6). That application was denied on October 6, 2010, at which point Immigration and Customs Enforcement officials arrested Petitioner and reinstated the 1998 Order (the "2009 Reinstated Order"). (*Id.* ¶¶ 6-7). Upon receipt of the Notice of Intent of Reinstatement of the 1998 Order, Petitioner alleged that he feared persecution if he were to return to China. (*Id.* ¶ 7). On December 10, 2009, an asylum officer determined that Petitioner had failed to establish a reasonable fear of prosecution and referred his case to an Immigration Judge. (*Id.* ¶ 8). Thereafter, however, an Immigration Judge vacated the asylum officer's decision and scheduled Petitioner for a "Withholding-Only

Hearing," at which point Petitioner was released from detention on an order of supervision. (*Id.* ¶¶ 8-9). On April 4, 2012, an Immigration Judge granted Petitioner withholding of removal. (*Id.* ¶ 10). Around the same time, Chen asked Customs and Border Protection to reopen or rescind the 1998 Order. (*Id.* ¶ 11). On May 9, 2012, that request was denied. (*Id.*).

In these proceedings, Petitioner seeks habeas review of the 1998 Order, arguing that the removal procedure of Customs and Border Protection was not lawfully applied to him, and judicial review of the May 9, 2012 denial of his application to reopen or rescind the 1998 Order as arbitrary, capricious, and an abuse of discretion. Respondents seek dismissal of the Petition on the ground that no court has jurisdiction to review the 1998 Order, whether directly or collaterally.

## APPLICABLE LAW

Congress severely limited judicial review of immigration matters, including habeas review, in the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (. Under that Act, direct review by the court of appeals is "the sole and exclusive means for judicial review of an order of removal" in most cases. 8 U.S.C. § 1252(a)(5). One of the few exceptions, set forth in Title 8, United States Code, Section 1252(e), is a limited form of habeas review of expedited orders of removal. *See* 8 U.S.C. §§ 1252(a)(5), 1252(e)(2), (5). In relevant part, this limited form of review is restricted to a determination of whether the petitioner is an alien and whether the petitioner was ordered removed. *See id.* § 1252(e)(2). The determination of whether the petitioner was ordered removed is, in turn, "limited to whether such an order in fact was issued and whether it relates to the petitioner." *Id.* § 1252(e)(5).

Judicial review is further restricted in cases where a petitioner has illegally reentered the country after an earlier order of removal. In such a case, the prior order of removal is

automatically reinstated and "is not subject to being reopened or reviewed" at all. 8 U.S.C. § 1231(a)(5). Moreover, the subject of the order "may not apply for any relief" under the relevant immigration laws. *Id.* The Second Circuit has explained that this provision "expressly prohibits [a court] from giving petitioner a second bite at the apple" and that, under the statute, "illegal reentrants are now categorically declared ineligible for any relief from removal and are barred from seeking any collateral review of the reinstated order." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 148, 150 (2d Cir. 2008). The Court of Appeals has also held that these limitations do not violate a petitioner's due process rights because reinstatement of the order "does not alter petitioner's legal condition"; it merely gives effect to an existing final order issued by immigration authorities. *Id.* at 150; *see also, e.g.*, *Miller v. Mukasey*, 539 F.3d 159, 165 (2d Cir. 2008) ("[W]hile aliens have a right to fair procedures, they have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully reentering the country." (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) (en banc))).

Section 1252(a)(2)(D) contains a jurisdiction-saving clause however, which provides that "[n]othing in . . . any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). The Second Circuit has not directly addressed the interaction between this provision and Section 1231(a)(5), but it has noted — albeit in a non-precedential opinion — that "other 'circuit courts that have considered the interplay between [the two sections] have held that § 1252(a)(2)(D) re-vests the circuit courts with jurisdiction over constitutional claims or questions of law raised in the context of reinstatement proceedings.'" *Lema v. Holder*, 363 F. App'x 88, 90 (2d Cir. 2010) (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d

4

1133, 1137 (9th Cir. 2008)); *see also Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007) (holding that Section 1252(a)(2)(D) re-vests the courts of appeals with jurisdiction to review reinstated orders of removal questioned on constitutional or legal grounds); *Debeato v. Atty. Gen. of U.S.*, 505 F.3d 231, 235 (3d Cir. 2007) (same); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513-14 (5th Cir. 2006) (same).

## DISCUSSION

As noted, Petitioner in this case is subject to a *reinstated* order of removal. Under the plain terms of Section 1231, that order is "not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). Accordingly, Petitioner is "ineligible for any relief from removal and [is] barred from seeking any collateral review of the reinstated order." *Garcia-Villeda*, 531 F.3d at 148. Perhaps in an effort to evade this categorical bar, Petitioner relies on the Administrative Procedure Act ("APA"), which normally provides for judicial review of final agency action, *see* 5 U.S.C. § 706(2), but that reliance is misplaced. The APA "explicitly does not apply 'to the extent that . . . statutes preclude judicial review,' as the REAL ID Act does in this instance." *Delgado v. Quarantillo*, 643 F.3d 52, 55-56 (2d Cir. 2011) (quoting 5 U.S.C. § 701(a)(1)). Accordingly, this Court lacks jurisdiction to consider the Petition for relief.

In any event, even if this Court had jurisdiction to review one or both orders of removal, that review would be limited to the grounds set forth in Section 1252(e)(2) because it is an expedited order of removal. In an effort to fit his claims within the boundaries of that section, Petitioner contends that the phrase "whether [the order] relates to the petitioner" in the statute should be construed to mean "whether [the order] was lawfully applied to petitioner." (Pet'r's Response at 5). As a matter of plain language, however, whether an order "relates to" an individual merely asks whether that individual is the subject of the order (about which there is no

5

dispute in this case). Furthermore, to interpret the phrase as Petitioner suggests would conflict with the very next sentence of the statute, which unambiguously bars "review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).

In support of his argument that "relates to" should be interpreted broadly, Petitioner relies on *American-Arab Anti-Discrimination Committee v. Ashcroft*, 272 F. Supp. 2d 650, 663 (E.D. Mich. 2003). The Court declines to rely on that out-of-circuit decision, however, as it is contrary to both the plain language of the statute and the overwhelming weight of authority on the issue. *See, e.g.*, *Khan v. Holder*, 608 F.3d 325, 329-30 (7th Cir. 2010) ("[W]e lack jurisdiction to inquire whether the expedited removal procedure . . . was properly invoked."); *Li v. Eddy*, 259 F.3d 1132, 1134 (9th Cir. 2001) ("On its face, subsection (e)(2) does not appear to permit the court to inquire into whether section 1225(b)(1) was properly invoked, but only whether it was invoked at all."), *vacated as moot*, 324 F.3d 1109 (9th Cir. 2003); *Brumme v. INS*, 275 F.3d 443, 447-48 (5th Cir. 2001) (rejecting a claim that Section 1252(e) permits habeas review of whether Section 1225(b)(1) was applicable to a petitioner); *see also Vaupel v. Ortiz*, 244 Fed. App'x 892, 895 (10th Cir. 2007) (unpublished) (expressly rejecting *American-Arab Anti-Discrimination Committee v. Ashcroft*).

Although not cited by either party, Section 1252(a)(2)(D) would arguably re-vest the Second Circuit with jurisdiction to review Petitioner's claims, to the extent they involve "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see Lema*, 363 F. App'x at 90. As that Court has held, however, a district court may transfer a petition for review of an order of removal to the court of appeals only if it was timely filed. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617-18 (2d Cir. 2007). The Petition in this case does not appear to have been timely filed, as Title 8, United States Code, Section 1252(b)(1) requires a

6

petition for review to be filed "not later than 30 days after the date of the final order of removal," and the Petition was not filed within thirty days of the 1998 Order, the 2009 Reinstated Order, or even the May 9, 2012 denial of Petitioner's application to reopen or rescind the 1998 Order. *See De Ping Wang*, 484 F.3d at 618 (noting that the thirty-day deadline is "a strict jurisdictional prerequisite" (quoting *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001)).

The parties, however, did not address the question of timeliness in their briefing before this Court. Out of an abundance of caution, therefore, the Court will allow the parties to submit supplemental briefs addressing the question of whether the Petition was timely filed, in which case this Court would be "required" to transfer the case to the Court of Appeals to address Petitioner's claims, to the extent they are cognizable under Section 1252(a)(2)(D). *De Ping Wang*, 484 F.3d at 618.

## CONCLUSION

For the reasons discussed above, the Petition is DENIED in part. Plaintiff is granted leave to submit a supplemental brief, not to exceed eight pages, addressing the question of whether the Petition was timely filed. Any such brief shall be filed by November 26, 2012.

If Petitioner fails to file such a brief, the Court will deny the Petition altogether without further notice to the parties. If Petitioner files a supplemental brief, Respondent may submit an opposing brief, not to exceed eight pages, by December 10, 2012. Petitioner may file a reply brief, not to exceed four pages, by December 17, 2012.

SO ORDERED.

JESSE M. FURMAN
United States District Judge

Dated: November 8, 2012
New York, New York