UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHEN, WEI a/k/a LIU WEI,

                    Petitioner,

      -v-

JANET NAPOLITANTO, *Secretary of the Department of Homeland Security*, et al.,

                    Respondents.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/13

12 Civ. 4620 (JMF)

<u>MEMORANDUM OPINION
AND ORDER</u>

JESSE M. FURMAN, United States District Judge:

      Petitioner Wei Chen ("Petitioner") filed this Petition ("Petition") for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2241 on June 13, 2012. (Docket No. 1). On June 21, 2012, this Court issued an Order to Show Cause why the case should not be transferred to the United States Court of Appeals for the Second Circuit. (Docket No. 2). On November 8, 2012, after briefing from all parties (Docket Nos. 8-10, 13), this Court issued a Memorandum Opinion and Order (the "Opinion") denying the Petition in part, but finding that Title 8, Section §1252(a)(2)(D) of the United States Code "arguably" re-vested the Court of Appeals with limited jurisdiction. (Docket No. 14). The Court raised a question as to whether the Petition was timely filed and gave both parties the opportunity to submit supplemental briefs on that issue before deciding whether to transfer the case to the Court of Appeals. *Id.*

      In its supplemental brief, Respondents concede that the Petition was timely, but argue that Section 1252(a)(2)(D) does not in fact re-vest the Court of Appeals with jurisdiction in the circumstances of this case. (Docket No. 17). Upon review of the parties' submissions and the relevant authority, the Court agrees. In particular, Section 1252(a)(2)(D) provides, in relevant

part, that nothing in "[the Immigration and Nationality Act] (*other than this section*) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). By its terms, therefore, Section 1252(a)(2)(D) does not override the limitations on judicial review set forth elsewhere in Section 1252, including the limitations on judicial review of an expedited order of removal — the type of order at issue here — set forth in subsections (a)(2)(A) and (e). *See, e.g., Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) ("Section 1252(a)(2)(D) does *not* apply to the jurisdictional limitations codified elsewhere in § 1252. . . . One of those limitations is contained in § 1252(a)(2)(A), which strictly circumscribes the scope of review of expedited removal orders to the grounds enumerated in § 1252(e)." (emphasis in original)); *see also Lema v. Holder*, 363 Fed. App'x 88, 91 (2d Cir. 2010) (unpublished) ("Section 1252(a)(2)(D) does *not* foreclose the jurisdictional hurdles codified *elsewhere* in Section 1252 . . . . " (emphasis in original)). This Court has already ruled that Petitioner fails to overcome the limitations in Section 1252(a)(2)(A) and (e). (Opinion at 5-6).

For the foregoing reasons, the Court declines to transfer the case to the Court of Appeals. Accordingly, and for the reasons stated in the Court's November 8, 2012 Opinion, the Petition is DISMISSED in its entirety. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: January 17, 2013
    New York, New York

_____
JESSE M. FURMAN
United States District Judge